

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable George P. Hudson
County Attorney
Jones County
Anson, Texas

Affirmed by C-338

O-980

Dear Sir:

Opinion No. O-6124
Re: Are counties included in the provisions of Article 7255b, Revised Civil Statutes, in regard to discounts to taxpayers?

You submit for the opinion of this department the question contained in your letter of October 11, 1944, which letter we quote as follows:

"Re:   Article 7255b - taxation.

"This article has to do with discounts to taxpayers, viz; 3%-2%- and 1% for the months of October, November and December respectively, and affects taxes due the State of Texas and all governmental and political subdivisions and taxing districts of Texas; Provided, however, that the irrigation districts, levee districts, water control districts and other governmental subdivisions, cities and towns and independent school districts that such law shall not apply to such named divisions unless and until the governing bodies thereof elect to allow such discounts, etc.

"Query. Are counties included in this proviso?

"It is my opinion that they are not because counties are political subdivisions of the State and political subdivisions are not enumerated in the proviso. The first provision in this article affects State and governmental and political subdivisions and taxing districts, but the proviso omits political subdivisions and there are no court decisions to guide the governing bodies of counties. Some counties take advantage of the proviso in said article to continue to collect the full county taxes without giving the discounts enumerated in the Article while others interpret the law to mean that counties are not included in the proviso, hence no resolution is spread upon the minutes, declaring no discounts are allowed. The point with me is that I think that counties are not included in the proviso, because the word 'Political' is omitted in the proviso.

Honorable George P. Hudson, page 2

"Kindly at your convenience give me ruling on such statute especially covering who can take advantage of such proviso."

We are called upon to construe Article 7255b, V. R. C. S., reading as follows:

"All taxpayers shall be allowed discounts for the payment of taxes due to the State and all governmental and political subdivisions and taxing districts of the State, said discounts to be allowed under the following conditions:  (a) three (3%) per cent discount on ad valorem taxes due the State or due any governmental or political subdivision or taxing district of the State, if such taxes are paid ninety (90) days before the date when they would otherwise become delinquent; (b) two (2%) per cent discount on ad valorem taxes due the State or due any governmental or political subdivision or taxing district of the State if such taxes are paid sixty (60) days before the date when they would otherwise become delinquent; (c) one (1%) per cent discount on ad valorem taxes due the State or due any governmental or political subdivision or taxing district of the State, if such taxes are paid thirty (30) days before the date when they would otherwise become delinquent.  Provided, however, that the provisions of this section shall not apply to water improvement districts, irrigation districts, and levee districts, water control districts, and other governmental subdivisions, cities, towns and independent school districts unless and until the governing body of such water improvement districts, irrigation districts, levee districts, water control districts, and other governmental subdivisions, cities, towns, or independent school districts by ordinance, resolution or order, shall adopt the provisions hereof; and in the event any such water improvement district, irrigation district, levee district, water control district, and other governmental subdivisions, city, town or independent school district elects to allow such discounts, then the governing body of each water improvement district, and other governmental subdivisions, city, town or independent school district, shall have power, by the ordinance, resolution or order levying the annual taxes, to designate the months in which such discounts of three (3% per cent, two (2%) per cent, and one (1%) per cent respectively shall be allowed, but in no event shall the same apply to split payment of taxes."

Honorable George P. Hudson, page 3

This article, as it now is in effect, was passed by the 46th Legislature, Acts of 1939, Senate Bill 402, and in general authorizes discount on ad valorem taxes for early payment. It is observed that the statute allows all taxpayers discounts for the payment of taxes ". . . due to the State and all governmental and political subdivisions and taxing districts of the State, said discounts to be allowed under the following conditions:. . ."

But as to "water improvement districts, irrigation districts, and levee districts, water control districts, and other governmental subdivisions, cities, towns and independent school districts" the statute by its terms makes its provisions inapplicable unless such taxing districts, all of which are enumerated in the statute, and other governmentalsubdivisions adopt the statute by the governing body of such taxing district or other governmental subdivision. If the taxing districts enumerated in the statute or other governmental subdivisions adopt the provisions of the statute by ordinance, resolution or order, then such taxing district or other governmental subdivision is entitled to the benefits thereof, and not otherwise.

Our courts have held that a county is a political subdivision of the State. We quote from the case of Limestone County v. Robbins, (Comm. of Appeals) 38 S. W. (2d) 580, as follows:

"A county is a political subidivision of the state."

To the same effect is Childress County v. State, (Supreme Court) 92 S. W. (2d) 1011, from which we quote as follows:

"The county is merely an arm of the state. It is a political subdivision thereof."

It is observed that the proviso does not contain the term "political subidivision", and under the authority of the two forego ng cases, we hold that the proviso does not apply to counties. In other words, the statute is just as effeötive and self-enacting insofar as it applies to county taxes as it is in its application to State taxes. It is, therefore, mandatory

Honorable George P. Hudson, page 4

upon the tax collector to allow a taxpayer the discount upon county taxes, provided for in the statute, upon timely payment as therein provided, and without any order of the commissioners court so authorizing, and you are accordingly so advised.

Another reason confirming this view is that county taxes are paid and collected by the tax collector at the same time State taxes are paid and collected, and we know of no statute that authorizes the tax collector to receive and receipt for State taxes without at the same time collecting the county taxes. Therefore it follows that the taxpayer who pays his State taxes timely to receive the discount is forced to pay his county taxes in advance of the time fixed by law before they become delinquent in order to receive the discount provided by this statute on his State taxes. We should not ascribe this unreasonable, unfair and inconsistent intent to the Legislature unless compelled to do so by the plain and unambiguous language of the statute.

It follows from the conclusion herein expressed that the former opinion of this department, No. O-980, insofar as it holds that counties are included in the proviso along with the other taxing units therein enumerated, is overruled.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

L. P. Loller
Assistant

LPL:AMM

APPROVED NOV 9 1944

FIRST ASSISTANT
ATTORNEY GENERAL

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE